965 So.2d 267 (2007)
JUSTICE ADMINISTRATIVE COMMISSION, Petitioner,
v.
Debra ALEXANDER, Esquire, Respondent.
No. 5D07-115.
District Court of Appeal of Florida, Fifth District.
September 14, 2007.
*268 Christian D. Lake, Assistant General Counsel, The Justice Administrative Commission, Tallahassee, for Petitioner.
Debra Alexander, St. Augustine, pro se.
Jeremiah S. Mulligan, St. Augustine, for Respondent.
PER CURIAM.
Petitioner, the Justice Administrative Commission ["JAC"], seeks certiorari review of circuit court orders from the Seventh Judicial Circuit ordering JAC to pay private court appointed counsel, Debra Alexander, additional compensation in five cases. JAC claims that Ms. Alexander has already received full compensation for each of the cases as authorized under local Administrative Order P-2006-194.
Debra Alexander was previously appointed to represent indigent parents in five dependency cases. By administrative order, the local Indigent Services Committee authorized the payment of a flat rate of $850 per dependency case unless a trial court determines the amount is manifestly insufficient. Ms. Alexander received a flat fee of $850 for each of the cases.
Paragraph 16 of Administrative Order P-2006-194 requires counsel to render legal services to the client until conclusion of the case, unless relieved from further representation by the presiding judge. In September 2006, the trial court reappointed Ms. Alexander to each of the five cases nunc pro tunc to various earlier dates. After her reappointments, Ms. Alexander submitted vouchers to JAC requesting an additional flat fee of $850 for each case. On November 13, 2006, JAC issued letters of objection, arguing that the $850 was a flat fee for each case, not per appointment. After receiving those letters of objection, Ms. Alexander filed in each case a motion for payment of fee and requested a hearing. After the hearing, on December 13, 2006, the trial court entered orders awarding Ms. Alexander the additional flat fee of $850 in each case to which she was reappointed. The court found that at the time of the reappointment, each case was still under protective supervision and each parent had an active, open case plan and active judicial review dates requiring legal services. The court found that the attorney is appointed for a twelve-month period, renewable annually by separate order and interpreted Administrative Order P-2006-194 to require payment of a flat fee in the amount of $850 per annual period.
JAC seeks certiorari review of these orders, claiming that there is nothing in the Administrative Order to suggest that the flat fee is payable on an annual basis. JAC argues that the mere fact that Ms. Alexander was reappointed to these cases would not justify a second flat fee. JAC points out that under Paragraph 13 of the Administrative Order, Ms. Alexander could seek additional compensation if the amount of compensation under Paragraph 4 ($850) was manifestly insufficient.[1] In such circumstances, *269 upon the proper showing, court-appointed counsel may bill hourly. JAC points out that Alexander made no attempt to qualify for the additional fee under the terms of Paragraph 13.
Section 27.42(2)(a), Florida Statutes (2006), provides that the indigent services committee of each judicial circuit has the responsibility to manage the appointment and compensation of court-appointed counsel within that circuit. Administrative Order P-2006-194 was adopted pursuant to section 27.42(2)(a), Florida Statutes (2006). Although contained in the administrative order, the compensation rates were established by the indigent services committee, and approved by the chief judge of the circuit.[2] Pursuant to section 27.5304(2), Florida Statutes (2006), JAC is responsible for administering private court-appointed attorney compensation at the state level. Under this statute, JAC may object to any proposed billing submitted by private court-appointed counsel, but the court retains primary authority and responsibility for determining the reasonableness of all billings for attorney's fees, costs, and related expenses, subject to statutory limitations. Upon an objection by JAC, the attorney has the burden to prove the entitlement to the fees or related expenses.
The applicable section of the Administrative Order at issue provides:
4. Attorneys appointed to represent indigent parents in juvenile dependency, CINS/FINS and related proceedings will be entitled to compensation at the rate of $850 per case (payable upon entry of an order of disposition, conclusion of a 12-month permanency review, or following a judicial review hearing) (see § 27.5304(7), Florida Statutes). Attorneys so appointed agree to provide periodic representation to parties at shelter hearings, for which no additional compensation shall be paid.[[3]]
The above-quoted section of the Administrative Order appears to us to say that the flat fee is $850 per case, which may be paid upon entry of a final order of disposition, a judicial review hearing, or the conclusion of a twelve-month permanency review.
Paragraph 16 of the Administrative Order concerns the length of representation of appointed counsel:
16. Attorneys appointed to represent individuals pursuant to this order are required to render legal services to his/ her client from the time he/she is appointed through the conclusion of the case. Attorneys will remain attorneys of record until the court terminates jurisdiction, or until otherwise relieved from further representation by the presiding judge.
Respondent Alexander relies on paragraph 16 for the proposition that the court had discretion to relieve her from representation, and then reappoint her for a second flat fee of $850. Although Paragraph *270 16 allows the trial court to relieve an attorney from representation of a party in a case, that paragraph does not suggest that the same attorney could be reappointed and would receive an additional flat fee of $850.
Although we respect the trial court's unique perspective and local knowledge in a matter such as this, and we recognize that a fee of $850 is very small, it is the responsibility of the indigent services committee to set the fee and we think the order is clear. Accordingly, we grant the writ of certiorari and quash the fee order.
WRIT GRANTED; fee order QUASHED.
PALMER, C.J., GRIFFIN and EVANDER, JJ., concur.
NOTES
[1] The paragraph concerning additional compensation reads as follows:

13. If compensation levels referenced in sections 2, 4, or 5 above are manifestly insufficient to compensate an individual attorney for required legal services in an individual case, said attorney may file a motion with the presiding judge for additional compensation. Said motion must include a detailed listing of the services provided to date and an estimate of the number of additional hours required to conclude representation. Such additional hourly compensation will be permitted only upon order of the court and only for hours deemed reasonable and necessary. Attorneys receiving such additional compensation will be entitled to compensation at the rate of $75 per hour for such additional hours of service.
[2] The chief judge of the judicial circuit is normally the chair of the committee. See § 27.42(1)(a), Fla. Stat. (2006).
[3] The three intervals for payment provided in the Administrative Order track the language of section 27.5304(7), Florida Statutes (2006). Section 27.5304(7), Florida Statutes, which provides that private court-appointed counsel representing a parent in a dependency case may submit a request to JAC at the three intervals noted above, but in no case may a request be submitted more than once a quarter, unless the court finds extraordinary circumstances justifying more frequent submissions of payment requests.